UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Lee Sims, #319755,<br><br>     Petitioner,<br><br>vs.<br><br>Warden McFadden,<br><br>     Respondent. | Civil Action No.: 0:15-cv-01510-BHH<br><br>**Opinion and Order** |

  Petitioner, Russell Lee Sims, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Gossett recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 32.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

  On April 6, 2015, Petitioner filed this action against Respondent alleging ineffective assistance of trial counsel.[1] Petitioner also filed a Motion for Psychiatric Evaluation (ECF No. 25) on October 9, 2015. On January 4, 2016, the Magistrate Judge issued a Report; and on January 27, 2016, Petitioner filed his Objections. (ECF

---

[1] In his response to the motion for summary judgment, Petitioner voluntarily withdrew and abandoned his claim that the trial court abused its discretion by allowing prosecutorial misconduct. (ECF No. 22 at 3.)

No. 37.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's pro se status. When dealing with a pro se litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

The Magistrate Judge found that Petitioner's claim for ineffective assistance of counsel fails on the merits and the Court agrees. The Magistrate Judge correctly found that the ruling of the state court was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 32 at 16–17.) The Magistrate Judge further found that Petitioner's Motion for Psychiatric Evaluation should be denied because it attempted to assert an insanity defense, which was not included in the instant federal petition. (*Id.* at 18.) She correctly determined that this defense had been procedurally defaulted, and that the motion failed to "provide any reason for alleging an entirely new claim at this time." (*Id.*)

According the requisite liberal construction, the Court finds that one portion of Petitioner's filing raises a specific objection to the Magistrate's conclusion on the ineffective assistance claim and thus invokes *de novo* review, which the Court has conducted. Petitioner argues that his trial counsel failed to investigate certain medical evidence; specifically, "how the victim developed 3 more gunshot wounds while in the hospital's care." (ECF No. 37 at 2.) Petitioner made this same argument at the PCR hearing. (ECF No. 14-3 at 40–41.) However, as noted by the Magistrate Judge, the

3

PCR court found Petitioner's testimony not credible with regard to the allegation of ineffective assistance of counsel and determined that trial counsel did not perform deficiently in the investigation of Petitioner's case. The PCR court noted that "the Applicant failed to point to any specific matters Counsel failed to discover, or any defenses that could have been pursued had Counsel been more fully prepared or completed additional investigation." (ECF No. 14-3 at 77.)

Here, the findings of the PCR court have not been rebutted. The decision of the PCR court is not contrary to, or does not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Nor is the decision based on an unreasonable determination of the facts in light of the evidence presented in the PCR court proceeding. 1523. *See Williams v. Taylor*, 529 U.S. 362, 364 (2000). Therefore, Petitioner's objection is overruled as to his claim for ineffective assistance of counsel.

Petitioner further argues an actual innocence claim for the first time. "Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). Here, Petitioner's claims were not procedurally defaulted; rather, they were disposed of on the merits. However, even if Petitioner's actual innocence claim were properly before the Court, he has failed to show that, if new evidence were introduced, it is more likely than not that no jury would convict. *Royal v. Taylor*, 188 F.3d 239, 243–44 (4th Cir. 1999). Accordingly, this objection is overruled.

Petitioner's remaining objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 15) is GRANTED, Petitioner's Motion for Psychiatric Evaluation (ECF No. 25) is DENIED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

February 9, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.